**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB, ET AL., | |
| Plaintiffs, | No. C 10-02673 JSW |
| v. | |
| UNITED STATES DEFENSE ENERGY SUPPORT CENTER, ET AL., | **ORDER GRANTING MOTION TO TRANSFER VENUE** |
| Defendants. | |

Now before the Court is Defendants' motion to transfer venue to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a). Having carefully reviewed the parties' papers and the relevant legal authority, the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing set for January 21, 2011. *See* N.D. Civil L.R. 7-1(b). The Court hereby GRANTS Defendants' motion to transfer venue.

**BACKGROUND**

This case, brought pursuant to the Administrative Procedures Act, charges the Defendant United States Defense Energy Support Center on behalf of the United States Department of Defense, for violations of Section 526 of the Energy Independence and Security Act of 2007 ("EISA"). EISA prohibits any federal agency from entering into contracts for the purchase of fuels from nonconventional petroleum sources, except under certain circumstances. Plaintiffs allege that Defendant has entered contracts to procure fuel produced from Canadian

oil sands, a nonconventional petroleum source, with the possibility of higher greenhouse gas emissions than conventional fuel sources.

Defendant and its officials listed in the lawsuit are headquartered at the Pentagon in Arlington, Virginia, within the jurisdiction of the Eastern District of Virginia. Plaintiff is a not-for-profit national organization headquartered in California. Plaintiff Southern Alliance for Clean Energy is a regional organization, headquartered in Tennessee.

The Court addresses additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.    Legal Standard.**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally, for the convenience of the parties and witnesses, and in the interest of justice. The burden is on the moving party to demonstrate that the action should be transferred. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In order for a district court to transfer an action under Section 1404, the court must make the following two findings: (1) that the transferee court is one where the action "might have been brought," and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). There is no dispute in this matter that Plaintiff could have brought this suit in the Eastern District of Virigina. (Opp. Br. at 2.) Accordingly, Defendant has met its burden under the first prong.

To determine whether Defendant has met its burden under the second prong, the Court considers the following factors: a plaintiff's choice of forum; convenience of the parties and witnesses; ease of access to sources of proof; local interest in the controversy; familiarity of each forum with the applicable law; and relative congestion in each forum. *Decker Coal Co. v.*

*Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

**B.    Defendant Has Met Its Burden to Show That Transfer is Warranted.**

    **1.    Plaintiff's Choice of Forum.**

The deference accorded to a plaintiff's chosen forum should be balanced against both the extent of the defendant's contacts with the chosen forum and the plaintiff's contacts, including those relating to the plaintiff's cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). There are, however, factors that diminish the deference given to a plaintiff's choice of forum. For instance, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice of forum is only entitled to minimal consideration." *Id.* (footnote omitted).

Although Plaintiff has members in the Northern District of California and has its campaigns against global warming headquartered in San Francisco, the Sierra Club is a national organization with offices nationally, including its legislative affairs office which is very close to the Eastern District of Virginia. In addition, the complaint alleges ongoing harm to the global community. Although ostensibly local communities in Northern California will indeed be affected by the alleged conduct at issue in this matter, communities nationally will be affected to the same degree.

In comparison, the Eastern District of Virginia has some particularized interest in the outcome of the litigation as the operative contract activity, responsible officials, and named defendants are all located in the Eastern District of Virginia.

Therefore, Plaintiff's choice of forum is given little weight because Defendant has shown that the underlying action is not connected to the Northern District of California and the Virginia forum has some, although only minimally higher, particularized interest in the litigation.

Accordingly, this factor weighs in favor of transfer.

**2.     Convenience of Parties and Witnesses.**

The Court will consider the relevant convenience to all parties involved in the lawsuit of the competing forums when deciding the motion to transfer. *Gulf Oil Corp.*, 330 U.S. at 508. When considering the convenience of witnesses, the Court examines who the witnesses are, where they are located, and the relevance of their testimony. *A.J. Indus., Inc. v. U.S. Dist. Court*, 503 F.2d 384, 389 (9th Cir. 1974).

Although should a court reach the merits of the complaint in this matter, the parties agree that the review will take place on the established record pursuant to the standards set forth in the Administrative Procedures Act, should Plaintiffs prevail, the court would have to examine evidence in the remedies stage to assess whether the injunction sought by Plaintiff would be appropriate. *See, e.g., Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987). Should such an evidentiary inquiry be required, Defendant has established that the Eastern District of Virginia would be the situs for all fact finding, as all potential witnesses, interested officials, and counsel would be local.[1]

Accordingly, the Court finds that the Eastern District of Virginia is a substantially more convenient forum for Defendant, and even a slightly more convenient forum for Plaintiff. Defendant has met its burden to show that the convenience to the parties and witnesses weighs in favor of transfer.

**3.     Ease of Access to Sources of Proof.**

Here, the administrative record has been computerized and submitted to the Court on disk. However, should the parties require any fact-finding at the remedies portion of this case,

---

[1] Although convenience of the parties' counsel bears no weight in the analysis of convenience of the witnesses and parties, the Court is cognizant of the fact that all counsel for both parties are closer to the Eastern District of Virginia and, should the court need to conduct any hearings, it would be the less costly option. *See In re Horseshoe Ent.*, 305 F.3d 354, 358 (5th Cir. 2002) (the factor of "location of counsel" is irrelevant and improper for consideration in determining the question of transfer of venue); *Soloman v. Cont'l Am.*, 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be considered."). However, a consideration of convenience may take into account the relative costs of litigating in the two forums, and this Court finds the location of counsel "relevant in its inquiry to the extent that counsel's location affects the relative costs of litigating in each District." *Flint v. UGS Corp.*, 2007 WL 4365481, *4 (N.D. Cal. 2007).

4

1 as addressed, Defendant has adequately demonstrated that the sources of such proof would be
2 located in Virginia.
3     Accordingly, this factor weighs in favor of transfer.

**4. Local Interest in the Action and Familiarity of the Forum with the Applicable Law.**

Another consideration in a decision to transfer venue is the interest in having localized controversies decided at home. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 508). For the reasons set forth above, the Court concludes that California does not have a localized interest in this dispute. However, because this case involves issues relating to global warming, Defendant has not met its burden to show that this factor weighs in favor of transfer.

Accordingly, this factor is neutral.

**5. Administrative Difficulties Flowing from Court Congestion.**

Another factor to consider is the relative court congestion in each forum. *Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Co.*, 330 U.S. at 509). The median time from filing to disposition in civil cases is 9.4 months for the Northern District and 4.6 months for the Eastern District of Virginia. (*See* Motion at 7 and n.3). As of September 30, 2009, per judge, this district had 613 pending cases while the Eastern District of Virginia had 259. (*Id.*)

Accordingly, this factor weighs in favor of transfer.

**CONCLUSION**

The Court finds that, on balance, the factors weigh in favor of transfer. Accordingly, this action shall be transferred to the Eastern District of Virginia. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: January 11, 2011

                                            JEFFREY S. WHITE
                                            UNITED STATES DISTRICT JUDGE